```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF ALABAMA
                          SOUTHERN DIVISION


CHARLES ROBINSON,                    :

        Petitioner,                  :

vs.                                  :   CIVIL ACTION 09-00488-WS-B

J. C. GILES,                         :

        Respondent.                  :
```

## AMENDED REPORT AND RECOMMENDATION[1]

This is an action brought pursuant to 28 U.S.C. § 2254 by an Alabama prison inmate. This action has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases, and is now ready for consideration.   The record is adequate to determine Petitioner's claim; thus, no federal evidentiary hearing is required.  Kelley v. Sec'y for Dep't of Corrs., 377 F.3d 1317, 1333-35 (11th Cir. 2004), cert. denied, 545 U.S. 1149 (2005).  Upon careful consideration, it is recommended that the petition be dismissed as a successive petition under 28 U.S.C. § 2244(b)(3)(A) because the Court lacks jurisdiction to consider it.

## I.  NATURE OF PROCEEDINGS

Petitioner was convicted of heat-of-passion manslaughter in the Circuit Court of Mobile County, Alabama, in April 2001.  He

---

[1]The original Report and Recommendation (Doc. 15) has been amended to address the issue of a certificate of appealability in compliance with Rule 11(a) of the Rules Governing 2254 Cases.

received a sentence of ninety-nine (99) years imprisonment, pursuant to the Alabama Habitual Felony Offender Act. (Docs. 1; 14, Ex. C). Petitioner's conviction and sentence were affirmed on appeal in an unpublished memorandum opinion by the Alabama Court of Criminal Appeals on October 19, 2001.[2] (Doc. 14). Rehearing was denied by the appellate court on November 9, 2001. Petitioner's petition for writ of certiorari was quashed by the Alabama Supreme Court on August 16, 2002, and the Alabama Court of Criminal Appeals issued its certificate of judgment on that same day. (Id.)

On March 5, 2003, Petitioner filed a habeas petition in this Court, namely Robinson v. Culliver, CA No. 03-00135-BH-B.[3] Petitioner raised the following claims in his 2003 petition:

(1) the trial court erred in refusing to allow the defense to introduce into evidence the tape recorded prior inconsistent statement of the prosecution's star witness, thus rendering his trial fundamentally unfair; and (2) the trial court's erred in refusing to allow defense counsel to question the prosecution's star witness concerning the existence of outstanding arrest warrants against him violated his confrontation rights

_____

[2]Robinson v. State, 851 So. 2d 635 (Ala. Crim. App. 2001).

[3]Question 14B on the court-provided form for a habeas petition under 28 U.S.C. § 2254 asks: "Have you previously filed a habeas corpus petition attacking this present conviction in this or any other federal court?" Petitioner checked the space for "No." (Doc. 1, p. 9).

2

under the Sixth Amendment, thus rendering his trial fundamentally unfair.

(Doc. 14, Ex. A). By Order dated April 4, 2005, the District Court adopted the undersigned Magistrate Judge's Report and Recommendation, which determined that Petitioner's request for habeas relief should be denied, and entered judgment dismissing Petitioner's habeas petition. (CA No. 03-00135-BH-B, Docs. 11, 12).

On June 13, 2008, Petitioner filed a Rule 32 petition, which was summarily denied by the circuit court. (Docs. 1, 14). In his Rule 32 petition, Petitioner alleged that his sentence was illegal because, according to Petitioner, one of the prior convictions used to enhance his sentence was a misdemeanor and should not have been used for sentence enhancement. See (Doc. 14, Ex. A). Petitioner appealed the denial, and the Alabama Court of Criminal Appeals affirmed the trial court's decision, by unpublished memorandum opinion, on June 19, 2009. (Id.) Petitioner sought a rehearing, however, his application for rehearing was overruled on July 17, 2009, by the Alabama Court of Criminal Appeals. (Doc. 14, Ex. D). The record does not reflect, and Petitioner does not allege, that he sought certiorari review with the Alabama Supreme Court.

Petitioner filed the instant habeas petition on July 31, 2009. (Doc. 1). He raises one claim in this petition. Petitioner claims that the trial court improperly allowed the State to use prior misdemeanors to enhance his sentence. (Id. at 7). Petitioner

3

asserts this claim was raised in a Rule 32 petition. (<u>Id.</u>)

Respondent contends that the instant habeas petition should be dismissed because, having previously filed a petition for habeas relief in this Court, Petitioner was required to apply to the Eleventh Circuit Court of Appeals for leave in order to pursue the instant successive habeas petition.  According to Respondent, this Court lacks jurisdiction to review this petition pursuant to 28 U.S.C. § 2244(b)(3)(A) without authorization from the Eleventh Circuit Court of Appeals. (Doc. 14, p. 6).[4]

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA") added the provision under 28 U.S.C. §2244(b)(3)(A) which requires that "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" <u>Guenther v. Holt</u>, 173 F.3d 1328, 1330 (11th Cir. 1999) (quoting 28 U.S.C. § 2244(b)(3)(A)), <u>cert. denied</u>, 528 U.S. 1085 (2000).

As noted <u>supra</u>, Petitioner's first habeas petition was filed

_____

[4]Respondent further asserts that this petition should be dismissed because Petitioner's claim is procedurally defaulted in this Court and barred by the one-year limitation period set forth in the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. Section 2244(d)(1). (Doc. 14). Since Petitioner's petition is clearly successive, and as a result, this Court lacks jurisdiction to review this action, the Court will not address Respondent's procedural default and statute of limitations arguments.

on March 5, 2003, and was dismissed with prejudice on April 4, 2005. His current petition, filed on July 31, 2009, is clearly a successive petition. As such, this Court lacks jurisdiction to entertain the current petition absent Petitioner first obtaining permission from the Eleventh Circuit Court of Appeals[5]. <u>Hill v. Hopper</u>, 112 F.3d 1088, 1089 (11th Cir.), <u>cert. denied</u>, 520 U.S. 1203 (1997). Petitioner does not allege, and the record in this case does not reflect that Petitioner obtained an order from the Eleventh Circuit authorizing this Court to consider the instant petition. <u>U.S. v. Holt</u>, 417 F.3d 1172, 1175 (11th Cir. 2005); <u>Farris v. U.S.</u>, 333 F.3d 1211, 1216 (11th Cir. 2003). Because Petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file a second habeas petition, this Court lacks jurisdiction to consider Petitioner's request for relief.

**III. CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the

---

[5]The undersigned further observes that there are no circumstances present in this case which "would entitle [Petitioner] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay...because the [one year] limitations period had already expired before he filed" the instant habeas action. <u>Guenther v. Holt</u>, 173 F. 3d 1328, 130-1331 (11th Cir. 1999).

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); see Miller-EL v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L.Ed. 2d 931 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"). In the instant action, Petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this, his second habeas petition, thus, this Court is without jurisdiction to consider his successive petition. Farris v. U.S., 333 F.3d 1211, 1216 (11th Cir. 2003)("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."). Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that

6

Petitioner should be allowed to proceed further. <u>Slack</u>, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether the Petitioner's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

**IV. CONCLUSION**

Accordingly, the undersigned Magistrate Judge recommends that the present habeas corpus petition be dismissed due to Petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A), and that Petitioner is not entitled to a certificate of appealability.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this the **28th** day of **January, 2010**.


        _____/S/ SONJA F. BIVINS_____
        **UNITED STATES MAGISTRATE JUDGE**

7

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   ***Objection***.   Any party who objects to this recommendation, or anything in it, must, within **fourteen** days of the date of service of this document, file specific written objections with the Clerk of this Court.   Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.   *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).   The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[6] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   ***Transcript (applicable Where Proceedings Tape Recorded)***. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate

---

[6]The Court's Local rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.